UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HARTMAN,

Plaintiff,

v.

CLOVIS COMMUNITY HOSPITAL, et al.,

Defendants.

No. 1:25-cv-01944-KES-EPG

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER

(ECF No. 7)

THIRTY-DAY DEADLINE

Plaintiff Daniel Hartmann ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil action (ECF No. 3). Plaintiff filed the Complaint commencing this action on November December 19, 2025. (ECF No. 1).  Plaintiff alleges that after leaving the hospital he had a plate of food thrown in his face and something dumped over his head. (*Id.* at 5). Plaintiff's complaint names three Defendants: Clovis Community Hospital, Pavarello House, and the Office of the State Attorney General. (*Id. at* 2-3).

On February 16, 2026, the Court screened the complaint and concluded that Plaintiff failed to state any cognizable claims and failed to comply with Federal Rule of Procedure 8(a) (ECF No. 4 at 4). The Court gave Plaintiff thirty days to file an amended complaint or notify the Court that he wanted to stand on his complaint. (*Id.* at 1-2). Additionally, the Court warned Plaintiff that, if he chose to stand on his complaint, this Court will issue findings and recommendations to the district judge assigned to the case recommending that Plaintiff's

1

complaint be dismissed for the reasons set forth in this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed." (*Id.* at 2).

The thirty-day deadline has passed, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons below, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order.

## I.    SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLAINTIFF'S COMPLAINT

Plaintiff filed his complaint on December 19, 2025. (ECF No. 1). Plaintiff names three defendants: Clovis Community Hospital, Pavarello House, and the Office of the State Attorney General. (*Id. at* 2-3).

In his complaint, Plaintiff alleges that after he "got out of" St. Agnes, he was barely able to walk. (*Id.* at 5). Plaintiff states he went to the Pavarello House to have dinner, where he had "a plate of food thrown in my face and a 5 gallon of something dumped over my head." (*Id.*). Plaintiff was then told he had to leave. (*Id.*).

Plaintiff's complaint does not list any claims.  In the portion of the complaint asking what relief Plaintiff seeks, Plaintiff has stated "Look all the We mean all of this SHIT is on the record. Right County of Riverside Talare [sic], Fresno."  (ECF No. 1, at p. 6).

Plaintiff states the amount in controversy is "more than 10,000 and a lore more than $75,000…" (*Id.*)

## III.    LEGAL STANDARDS

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Rule 8 of the Federal Rules of Civil Procedure requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rule also provides that "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). Additionally, complaints that are needlessly long, highly repetitive, or conclusory violate Rule 8 and may be dismissed.  *Gibson v. City of Portland,* 165 F.4th 1265, 1289 (9th Cir. 2026) ("district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts"); *Cafasso v. Gen. Dynamics C4 Sys, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (*citing McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory")).

## IV.    ANALYSIS

The Court finds that Plaintiff's Complaint fails to state any cognizable claims for relief under these legal standards.

Plaintiff's complaint does not describe anything that the defendants, Clovis Community

3

Hospital, Pavarello House, or the Office of the State Attorney General, did or failed to do. Plaintiff's complaint does not mention Clovis Community Hospital or the State Attorney General at all. As to Pavarello House, Plaintiff's complaint only states that he went there to have dinner and had a plate of food thrown in his face. There are no allegations that Pavarello House did or failed to do anything to Plaintiff.

Moreover, Plaintiff's complaint fails to articulate any basis for a cause of action. Plaintiff does not allege any constitutional violations, civil claims, or any other basis.

In conclusion, Plaintiff's Complaint is subject to dismissal for not stating any cognizable claims and for not containing a short and plain statement of the claim as required by Rule 8.

## V.      FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

The Court will also recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." (*Id.*) (citations omitted). Plaintiff has failed to respond to the Court's screening order. This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." (*Id.*) (citing *Yourish,* 191 F.3d at 991). However, "delay

4

inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Lastly, because the dismissal being recommended in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. (*Id.*)

After weighing the factors, the Court finds that dismissal is appropriate.

## VI.   CONCLUSION AND ORDER

Based on the foregoing, it is **RECOMMENDED** that:

1.    This action be dismissed, without prejudice, for failure to state a claim, failure to prosecute, and failure to comply with a court order; and

2.    The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

\\\

Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 30, 2026**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE